**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**ANTHONY O. LONGSTREET,**

    **Plaintiff,**

vs.                                                                      Case No. 4:18cv268-MW/CAS

**SHAVONYA POOL,
R.W. IVEY, and
ROBERT R. KYNOCH,**

    **Defendants.**

_____/

**REPORT AND RECOMMENDATION**

After service of the pro se Plaintiff's amended complaint, ECF No. 8, Defendants filed a motion requesting the Court to abstain from exercising jurisdiction over this case pursuant to the *Younger* abstention doctrine. ECF No. 24. Alternatively, Defendants requested that this case be dismissed. *Id.* An Order was entered on May 3, 2019, providing the pro se Plaintiff an opportunity to respond to Defendants' motion. ECF No. 25. In particular, Plaintiff was advised to explain whether or not he was still facing

DUI charges in Gadsden County, Florida, and to provide information as to the status of his criminal charge which is at issue in this litigation. *Id.*

When Plaintiff had not responded by the June 4, 2019, deadline, another Order was entered on July 11, 2019, noting the underlying facts of this case, the claims Plaintiff sought to raise, and the parallel state court criminal proceedings. ECF No. 26. In light thereof, Defendants' uncontested motion, ECF No. 24, was granted in part and this case was stayed. *Id.*

However, the parties were required to file a notice of case status every three months, providing information as to the progress of the state criminal proceeding. *Id.* In addition, a warning was given to Plaintiff that he must file a status report as required and could not rely on Defendants to do so. In doing so, Plaintiff would demonstrate that there continues to remain a case or controversy between the parties and show that he has not abandoned this litigation. *Id.* Moreover, because Plaintiff did not file a response to Defendants' motion, Plaintiff was required to respond to that Order and file a "status update" by August 1, 2019. *Id.*

Defendants filed a timely response, ECF No. 27, and advised that there had been no change in the status of the underlying state case.

Plaintiff, however, did not respond as required. More problematic is the fact that the last Order entered, ECF No. 26, was never received by Plaintiff. It has been returned to the Court as "undeliverable." ECF No. 28. The postal stamp on the returned envelope stated only "return to sender, not deliverable as addressed, unable to forward." *Id.* at 2. The Court has confirmed that the address used, *see* ECF No. 28 at 1, is the same address Defendants listed in their certificate of service, *see* ECF No. 27 at 2, and is the same address Plaintiff provided in the last document he filed. ECF No. 16. That document was filed on February 21, 2019, ECF No. 16, and nothing further has been received from Plaintiff since then.

This case cannot continue if mail cannot reach the Plaintiff. Plaintiff had been cautioned in numerous orders of the importance of filing a timely notice should his mailing address change. ECF Nos. 15, 20, 23, and 25. It appears that Plaintiff has abandoned this litigation.

The Supreme Court has held that "[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs." Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S.Ct. 1386, 1389, 8 L.Ed.2d 734 (1962)

(quoted in <u>Betty K Agencies, Ltd. v. M/V MONADA</u>, 432 F.3d 1333, 1337 (11th Cir. 2005)); *see also* N.D. Fla. Loc. R. 41.1.  A "court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order." <u>Equity Lifestyle Properties, Inc. v. Fla. Mowing And Landscape Serv., Inc.</u>, 556 F.3d 1232, 1240 (11th Cir. 2009).  Because Plaintiff has failed to prosecute this case, dismissal is now appropriate.

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with a Court Order.

**IN CHAMBERS** at Tallahassee, Florida, on August 6, 2019.

 S/     Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**
**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 4:18cv268-MW/CAS